UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KATHRYN TOGGAS**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**WACHOVIA MORTGAGE, FSB**, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-03407 (TNM) |

## MEMORANDUM AND ORDER

Twelve years ago, during the height of the 2008 housing bubble, Plaintiffs Kathryn and Thomas Toggas executed a $1.35 million adjustable-rate mortgage note to purchase a home at 3112 Legation Street NW, Washington, D.C. A year later, they defaulted. The Toggases' lenders sued for foreclosure. And for many years now, they have been embroiled in that foreclosure lawsuit in the Superior Court for the District of Columbia.[1]

Here, in a role-reversal, the Toggases have sued Wells Fargo & Company, Wells Fargo National Association, and U.S. Bank National Association (collectively, "the Lenders").[2] They claim the Lenders violated a slew of lending laws including the Consumer Protection Procedures Act, Truth-in-Lending Act, Fair Debt Collection Practices Act, and Homeowners Protection Act.

---

[1] Late last year, on the verge of foreclosure, the Toggases tried to remove the foreclosure case here. But the Court remanded the case to the Superior Court for its untimely removal and for lack of jurisdiction. *See* Mem. Op. and Order, *Wells Fargo Bank v. Toggas*, 19-cv-3157 (TNM) (D.D.C. Mar. 20, 2020), ECF No. 8.

[2] Aside from naming Wachovia in the hand-written case caption preceding the typed Complaint, Compl. at 1, and listing Wachovia as the original lender, *id.* ¶ 9, the Toggases raise no allegations against Wachovia. Nor do the Toggases name Wachovia as a Defendant in the Complaint itself. *Cf. id.* ¶¶ 4–6 (naming Defendants Wells Fargo & Company, Wells Fargo Bank, N.A., and U.S. Bank National Association). Despite what the case caption would suggest, the Toggases claims are all against the other three Defendants, not Wachovia Mortgage, FSB.

Acting *pro se*, the Toggases claim the Lenders violated these various statutes because they never shared key information about their loan and mismanaged their digital records.

Pending here is the Lenders' motion to dismiss. They argue that the Toggases missed their chance to file these claims long ago in Superior Court, so the claims are now barred by time and claim preclusion. The Toggases oppose the motion. Upon consideration of both parties' arguments and the record of this case, the Court agrees with the Lenders that Counts I through IV of the Toggases' challenges to their twelve-year-old loan are untimely and improper. The Court will therefore grant the motion related to those counts. But the Court will deny the motion for one substantive claim, Count V, as well as the portion of Count VI seeking relief under it.

## I.

In May 2008, the Toggases executed an adjustable rate mortgage note with Wachovia Mortgage, FSB for $1,350,000, with a deed of trust on real property at 3112 Legation Street NW, Washington, D.C. (the "Property"). Compl. ¶ 13–14. Wachovia later transferred the debt to U.S. Bank.[3] *Id*. ¶ 14. And Wells Fargo Home Mortgage assumed administration of the loan, "including receipt and processing of payments, resolution of payment-related issues, and response to any other inquiries" about the loan. *Id*. ¶ 15.

The Toggases defaulted on the loan in August 2009. *See* Defs.' Mot. Dismiss ("Defs.' Mot."), Ex. A. ¶ 10 ("Sup. Ct. Compl."), ECF No. 3-1.[4] The Toggases then spent years in

---

[3] Wells Fargo Bank, N.A. later acquired Wachovia. *See Bopp v. Wells Fargo Bank, N.A.*, 740 F. Supp. 2d. 12, 13 (D.D.C. 2010).

[4] "In determining whether a complaint fails to state a claim, [the court] may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *Hurd v. D.C. Gov't*, 864 F.3d 671, 678 (D.C. Cir. 2017) (quoting *EEOC v. St. Francis Xavier Paroch. Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). Here, the Court takes judicial notice of the "facts contained in public records of other proceedings." *Al-Aulaqi v. Panetta*, 35 F. Supp. 3d 56, 67 (D.D.C. 2014).

bankruptcy proceedings.  *See* Defs.' Mot. Dismiss at 8–9.[5]  In April 2016, Wells Fargo Bank filed a complaint to foreclose the Property in the Superior Court for the District of Columbia. *See Wells Fargo Bank, N.A. v. Toggas*, Case No. 2016 CA 002847 R(RP) (D.C. Sup. Ct. Apr. 15, 2016); Sup. Ct. Compl.; Defs.' Mot., Ex. H ("Sup. Ct. Docket"), ECF No. 3-8.  In their answer in Superior Court, the Toggases asserted counterclaims against Wells Fargo for violating the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3904(e), breach of contract, and unjust enrichment.  Am. Answer & Countercls. ("Sup. Ct. Answer"), *Wells Fargo Bank, N.A. v. Toggas*, Case No. 2016 CA 002847 R(RP) (Oct. 6, 2017).  Eventually, the Superior Court dismissed those counterclaims with prejudice and entered summary judgment for Wells Fargo. *See* Defs.' Mot., Ex. I, ECF No. 3-9; Defs.' Mot., Ex. J, ECF No. 3-10.  The Superior Court later substituted U.S. Bank as Plaintiff.  See Sup. Ct. Docket at 8–9.

Here, the Toggases allege these violations in their Complaint, which the Court must accept as true for this motion.  They say the Lenders "conducted services in violation of the Consumer Protection Procedures Act, the Truth-in-Lending Act, the Fair Debt Collection Practices Act and the Homeowners Protection Act," inflicting "severe damages" on the Toggases "and others similarly situated."  *Id*. ¶ 16.  The Toggases have styled their Complaint as a class action on behalf of all similarly situated borrowers.[6]  *See* Compl. ¶¶ 40–45.

---

[5]  All page citations refer to the page numbers that the CM/ECF system generates.

[6]  The Court does not consider the class allegations.  The general rule in this Circuit is that a *pro se* litigant cannot serve as a class representative.  *Roland v. Branch Banking & Tr. Corp.*, 149 F. Supp. 3d 61, 64 n.3 (D.D.C. 2015).  *See Georgiades v. Martin–Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (stating that an individual "not a member of the bar of any court . . . may appear pro se but is not qualified to appear in . . . court as counsel for others"); *see also U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. United States v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004) ("[A] class member cannot represent the class without counsel, because a class action suit affects the rights of the other members of the class." (citation omitted)).

"Upon information and belief," the Toggases allege that the Lenders serviced their loan and collected debt "based on inaccurate and incomplete borrower loan information," caused by the Lenders' failure to input the loan accurately into their electronic databases. *Id*. ¶ 20. Because of these alleged errors, the Toggases say the Lenders "had to rely upon manual processes and workarounds that have themselves resulted in errors" and caused the Toggases harm. *Id*. ¶¶ 20–21. The Lenders "communicated, orally and in writing, information to Plaintiffs that they knew or had a reason to know was inaccurate." *Id*. ¶ 22.

And as a result, the Toggases say the Lenders "collected or attempted to collect inaccurate amounts from Plaintiffs, failed to timely pay Plaintiffs' insurance policies and initiated wrongful foreclosure proceedings upon Plaintiffs' loan." *Id*. ¶ 23. And they say the Lenders "have routinely failed to send Plaintiffs timely and accurate periodic statements, failed to timely and accurately credit and apply Plaintiffs' payments, and failed to correct billing and payment errors." *Id*. ¶ 25. The Toggases also allege that the Lenders "charged Plaintiffs improper late fees; reported inaccurate, negative payment information to credit reporting agencies; subjected Plaintiffs to collection calls based on inaccurate information; and wrongly threatened Plaintiffs with foreclosure." *Id*. ¶ 31. All of this, they say, means the Lenders "supplied Plaintiffs with loans that had unconscionable terms, knowing it provided them no substantial benefits, knowing they had no reasonable probability of payment in full, and knowing the fees stripped them of equity, thereby taking advantage of their inability to understand the language in the agreement." *Id*. ¶ 37.

The Toggases' Complaint raises six counts against the Lenders. Count I alleges unfair and deceptive trade practices in violation of the D.C. Consumer Protection Procedures Act ("CPPA"), D.C. Code § 28-3904(e). Compl. ¶¶ 46–56. Count II alleges that the Lenders failed

to disclose lending terms required by Section 144 of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1664, and Section 226.24(c.) of its implementing regulation, Regulation Z, 12 C.F.R. § 226.24(d).  Compl. ¶¶ 57–68.  Count III alleges unconscionable and unfair violations of Sections 807(2) and (10) of the Fair Debt Collections Practices Act ("FDCPA"), l5 U.S.C. §§ 1692e(2)(A), (10).  Compl. ¶¶ 69–77.  Count IV alleges the Lenders failed to terminate private mortgage insurance in violation of Section 4901(b) of the Homeowners Protection Act ("HPA"), 12 U.S.C. § 490l(b).  Compl. ¶¶ 78–87.  Count V alleges the Lenders violated the TILA, l5 U.S.C. § l641(g), by failing to notify Plaintiffs "in writing of the transfer of the loan from the original lender, such as Wells Fargo & Company to US Bank."  Compl. ¶ 91; *see id.* ¶¶ 88–97.  And Count VI seeks "Declaratory and Injunctive Relief preventing Defendants from the foreclosure sale until a decision on the merits has been made in this case."  Compl. ¶ 99; *see id*. ¶¶ 98–109.

The Lenders timely moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Defs.' Mot. Dismiss, ECF No. 3.  The Toggases filed an Opposition.  Pl.'s Opp'n, ECF No. 7.  And the Lenders filed a Reply.  Defs.' Reply, ECF No. 10.  The motion is now ripe for decision.

## II.

A party may move to dismiss a complaint because it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  This requires the complaint to contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A complaint is insufficient if it merely offers "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 546). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, and pleading facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 545–46.

In evaluating a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiffs and accept as true all well-pleaded facts. *Lovelien v. United States,* 422 F. Supp. 3d 341, 346 (D.D.C. 2019). And complaints filed by *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But *pro se* plaintiffs must still adequately plead their complaint consistent with the edicts of *Iqbal* and *Twombly*. *See Atherton v. D.C. Office of Mayor*, 567 F.3d 672, 682 (D.C. Cir. 2009). This means that the Court does not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

### III.

The Lenders argue that the Toggases' Complaint must be dismissed for failure to state a claim. The Court addresses the Lenders' arguments in turn.

### A.

The Lenders first argue that Counts I–IV and VI are barred because the Toggases had to bring them as compulsory counterclaims in the Superior Court litigation. Defs.' Mot. at 11.

Rule 13 of the D.C. Superior Court Rules of Civil Procedure—which echoes the federal rule—governs here.  Under that rule, the Toggases needed to bring as a counterclaim in Superior Court "any claim . . . aris[ing] out of the transaction or occurrence that [was] the subject matter of the [Lenders] claim; and [that did not] require adding another party over whom the court cannot acquire jurisdiction."  The purpose of the compulsory counterclaim rule is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."  *S. Constr. Co. v. U.S. ex rel. Pickard*, 371 U.S. 57, 60 (1962).  And the courts interpret "transaction or occurrence" flexibly.  "It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. . . . That they are not precisely identical, or that the counterclaim embraces additional allegations . . . does not matter."  *Columbia Plaza Corp. v. Sec. Nat. Bank*, 525 F.2d 620, 625 (D.C. Cir. 1975) (cleaned up).  Here, the challenged counts were compulsory counterclaims.

*First*, these claims all arise out of the same mortgage default that undergirded the foreclosure action.  *See* Sup. Ct. Compl.  Indeed, the Toggases raised similar arguments in their defenses and counterclaims there.  *See* Sup. Ct. Answer (asserting claims under the CPPA, TILA, and common law).  And adding more claims here does not change the "logical relationship" with the Superior Court claims.  *See Columbia Plaza Corp.*, 525 F.2d at 625.  Counts I–IV and VI involve the same mortgage note and "would rely on the same evidence used in the foreclosure case."  Defs.' Mot. at 12.  Counterclaims challenging a mortgage note arise out of the same transaction or occurrence as an earlier foreclosure lawsuit.  *See* 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1410.1 (3d ed.); *Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 41 (D.D.C. 2008) (collecting cases).

*Second*, these claims involve the same parties as the foreclosure lawsuit and did not require the Toggases to add another party over whom the Superior Court lacked jurisdiction. The Toggases argue otherwise, but their interpretation of Rule 13 is mistaken. *See* Pls.' Opp'n at 10–11, ECF No. 7. To begin, the Toggases acknowledge in their opposition that they raised no claims against Wachovia. *See id*. (listing defendants against whom the Toggases have made claims); *see also* note 1, above. And the other Lenders here were plaintiffs in the Superior Court lawsuit. *See* Sup. Ct. Docket. The Toggases suggest that adding Wells Fargo & Company here is a meaningful difference, but Wells Fargo Bank, N.A. was the original plaintiff in Superior Court. *See id*. The Toggases have presented no legal support for their suggestion that the Superior Court lacked jurisdiction over Wells Fargo's corporate affiliates. *See* Pls.' Opp'n at 11.

More, the Superior Court record betrays the Toggases' assertion that they never responded to the Superior Court claims. Indeed, they not only denied the Lenders' claims there, but they raised counterclaims of their own. *See* Sup. Ct. Answer. And the Superior Court ultimately dismissed their counterclaims. Sup. Ct. Docket; Defs.' Mot., Ex. I.

Because the Toggases failed to bring these new claims in the Superior Court action, they have lost the opportunity to do so here. "Under D.C. law, where a plaintiff fails to raise a compulsory counterclaim, that claim is 'lost forever.'" *Blue*, 562 F. Supp. 2d at 41 (quoting *Bronson v. Borst*, 404 A.2d 960, 963 (D.C. 1979)). And bringing the suit in federal court cannot resuscitate the lost claims. *Cf. Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009) ("Under the well-pleaded complaint rule, a completely preempted counterclaim remains a counterclaim and thus does not provide a key capable of opening a federal court's door." (citation omitted)). The Court holds that Counts I–IV are barred as compulsory counterclaims, as are the portions of Count VI seeking relief under them.

**B.**

The Lenders raise a second and independently adequate justification for dismissing these same counts. They argue that Counts I–IV and VI are barred by *res judicata* or claim preclusion. Defs.' Mot. at 12–14.

This doctrine "holds that a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citation omitted). Claim preclusion is important to our legal system. "'To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Id*. (quoting *Mont. v. United States*, 440 U.S. 147, 153–54 (1979)).

As a result, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Porter v. Shah*, 606 F.3d 809, 813–14 (D.C. Cir. 2010) (cleaned up).

Under the first prong of the test, it is unnecessary that the two cases raise the same legal claims. *Apotex*, 393 F.3d at 218. Instead, the question "turns on whether they share the same nucleus of facts." *Id*. at 217. And that "nucleus of facts" test comes down to "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id*. (citations omitted). And here, the Toggases' claims in Counts I–IV indeed share the same nucleus of facts as the Superior Court litigation. The heart of this matter is the

Toggases' challenge to the "unconscionable terms" of their loan, Compl. ¶ 37, and the Lenders' wrongful threats of foreclosure, *id*. ¶ 31. But the Toggases raised these claims before in Superior Court. *See* Sup. Ct. Answer. Indeed, Counts I and II here rest on the same legal theories that the Toggases raised in the foreclosure action. *Compare id*. *with* Compl. ¶¶ 46–68 (Counts I–II). And despite the Toggases' arguments to the contrary, *see* Pls.' Opp'n at 12, adding new claims is of no consequence. *See Apotex*, 393 F.3d at 218 ("simply raising a new legal theory . . . is precisely what is barred by res judicata").

The second prong leads to the same conclusion. As the Lenders note, the Toggases have sued Wells Fargo Bank, the plaintiff in the foreclosure lawsuit; Wells Fargo & Co., Wells Fargo Bank's parent; and "U.S. Bank, as Trustee, the assignee of the loan on whose behalf Wells Fargo Bank acted as the servicer." Defs.' Mot. at 13. Wells Fargo Bank and U.S. Bank were both plaintiffs in the foreclosure lawsuit, and Wells Fargo & Co. is in privity with Wells Fargo Bank. *See Mushala v. US Bank, Nat'l Ass'n*, No. CV 18-1680 (JDB), 2019 WL 1429523, at *7 n.8 (D.D.C. Mar. 29, 2019)); *Herrion v. Children's Hosp. Nat. Med. Ctr.*, 448 Fed. Appx. 71, 73 (D.C. Cir. 2011) ("Under D.C. law, agents and principals are in privity for *res judicata* purposes 'if the prior action concerned a matter within the agency.'" (quoting *Major v. Inner City Prop. Mgmt., Inc.*, 653 A.2d 379, 381 (D.C. 1995)).

Finally, the Superior Court issued a final judgment on the merits when it denied the Toggases' counterclaims with prejudice and entered summary judgment for Wells Fargo. Defs.' Mot., Ex. I; Defs.' Mot., Ex. J. "A judgment on the merits is one that reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction, or form." *Sheppard v. Dist. of Columbia*, 791 F. Supp. 2d 1, 7 (D.D.C. 2011) (cleaned up). The Superior Court's judgments reached the merits. *See Casares v. Wells*

*Fargo Bank, N.A.*, 268 F. Supp. 3d 248, 255 (D.D.C. 2017) (finding that a Florida state court ruling for Wells Fargo on foreclosure complaint and against plaintiff's counterclaims was final judgment). And D.C. law empowered the Superior Court to enter that judgment. D.C. Code §§ 11-921, 42-816. *Res judicata* or claim preclusion is a sufficient and independent reason to dismiss Counts I–IV and the portions of Count VI seeking relief under those counts.[7]

### C.

The only remaining claim is Count V, which invokes the TILA, 15 U.S.C. § 1641(g). Compl. ¶¶ 88–97. Unique among the substantive claims, the Lenders have not challenged this count as a compulsory counterclaim or on grounds of claim preclusion. Instead, the Lenders argue that this remaining count must be dismissed because the Toggases have exceeded the TILA's one-year statute of limitations and for failure to state a claim. Defs.' Mot. at 19 (citing 15 U.S.C. § 1640(e). The Court is unconvinced.

Count V alleges the Lenders violated the TILA when they failed to notify the Toggases "in writing of the transfer of the loan from the original lender, such as Wells Fargo & Company to US Bank." Compl. ¶ 91; *see id.* ¶ 93. And under the TILA's statute of limitations, any damages claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). But it is unclear from the Complaint when U.S. Bank assumed the loan. The Complaint says that the debt started with Wachovia and was transferred at an unspecified time to U.S. Bank. Compl. ¶ 14. In the next paragraph, the Complaint alleges that "Wells Fargo Home Mortgage was appointed a servicer" of the loan. *Id.* ¶ 15. On this apparent chronology, U.S. Bank held the loan just after Wachovia and well more than the one-year statute

---

[7] The Lenders also challenge Counts I–IV and VI as barred by the Toggases' bankruptcy actions, on grounds of judicial estoppel, and for failure to state a claim. Defs.' Mot. at 14–24. But the Court need not reach these other arguments because those counts are barred as compulsory counterclaims and by *res judicata*. *See Upham v. Seamon*, 456 U.S. 37, 41 n.6 (1982).

11

of limitations would permit. *See* 15 U.S.C. § 1640(e). But that timeline is inconclusive without alleged dates. More, the Superior Court substituted U.S. Bank as plaintiff in the foreclosure lawsuit in January 2019, *after* Wells Fargo had litigated the case for years. Sup. Ct. Docket at 8–9. This suggests a different timeline altogether.

And it is the law of this Circuit that a motion to dismiss may be granted on statute of limitations grounds "only if the complaint on its face is conclusively time barred." *McQueen v. Woodstream Corp.*, 244 F.R.D. 26, 31 (D.D.C. 2007) (citation omitted); *see Firestone v. Firestone* 76 F.3d 1205, 1208–09 (D.C. Cir. 1996). To find that conclusive bar, "no reasonable person could disagree on the date on which the cause of action accrued." *McQueen*, 244 F.R.D. at 32 (cleaned up).

But here, the date of the transfer is far from conclusive. Indeed, it is unclear which of the Lenders assumed the loan first, or on what dates. And since the Toggases filed this action less than one year after the Superior Court substituted U.S. Bank as plaintiff in the foreclosure lawsuit, it is conceivable that the statute of limitations has not run on this claim. *See* Compl. (Nov. 12, 2019). These are questions that the Court can only resolve with a factual record.

Nor is the Court convinced by the Lenders' argument that Count V lacks specificity. *See* Defs.' Mot. at 19–20. The Lenders say "the Complaint fails to provide a single factual assertion . . . about the purported failure to send notice" of the loan transfer. *Id*. at 19. But is this so?

The Complaint says that the Lenders were "required to notify Plaintiffs in writing of the transfer of the loan from the original lender, such as Wells Fargo & Company to US Bank." Compl. ¶ 91. Citing the TILA's disclosure requirements, the Complaint then lists the information they had a right to receive. *See id*. ¶ 92. And the Toggases allege that "Defendants failed to notify Plaintiffs . . . within days of the purported assignment or transfer." *Id*. ¶ 93.

Despite the Lenders' argument, this is a factual assertion. And because of the nature of the assertion—that the Lenders did not send timely notice—it is hard to imagine what more the Toggases could allege here. Indeed, the Toggases have done enough "to raise a reasonable expectation that discovery will reveal evidence" proving the claim. *Twombly*, 550 U.S. at 556. Perhaps it will and perhaps not. But particularly because they are acting *pro se*, the Toggases have done enough to move forward on this claim. *See Solomon v. Falcone*, 791 F. Supp. 2d 184, 190 (D.D.C. 2011) ("Thus, a question of fact exists as to whether plaintiff received the required [TILA notices]. It may be that this issue will be easily resolved with a properly supported motion for summary judgment, but when the complaint is construed in plaintiff's favor as the Court must with a motion to dismiss, plaintiff may be entitled to relief."). The Court will deny the Lenders' motion as to Count V and for any remaining portion of Count VI that seeks relief under Count V.[8]

### D.

Finally, Counts I–IV and their accompanying relief requested under Count VI will be dismissed with prejudice and the Court will deny the Toggases leave to amend their Complaint. "A dismissal *with prejudice* is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Firestone*, 76 F.3d at 1209 (quotations omitted). Here, the Court "cannot conceive of any facts that Plaintiff[s] could plead, consistent with the allegations made in [their] complaint . . . which would rescue" their claims from dismissal. *Gray v. Staley*, 310 F.R.D. 32, 39 (D.D.C. 2015). As the Court has found, these counts are not deficient because of their factual content, but because

---

[8] The Court does not decide today whether the Toggases may properly seek declaratory or injunctive relief under Count V. *See* 15 U.S.C. § 1640(a) (listing available statutory damages). The Court does not reach this issue and will permit Count VI to move forward until the parties have properly briefed it.

the Toggases had the opportunity to press them long ago in Superior Court and failed. And because the claims are so deficient, any amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Moldea v. New York Times*, 22 F.3d 310, 319 (D.C. Cir. 1994).

## IV.

For all these reasons, it is hereby

**ORDERED** that the Defendants' Motion to Dismiss is GRANTED in part and DENIED in part; and further

**ORDERED** that Counts I–IV and their accompanying relief in Count VI are DISMISSED WITH PREJUDICE.

**SO ORDERED**.

Dated: June 11, 2020                                            TREVOR N. McFADDEN, U.S.D.J.