UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THOMAS TOGGAS**, <br><br> Plaintiff, <br><br> v. <br><br> **WACHOVIA MORTGAGE, FSB**, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-03407 (TNM) |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has sued lenders involved with his home mortgage loan, claiming he never received notice that his loan had been transferred, violating the Truth in Lending Act ("TILA"). They move for summary judgment. One Defendant argues that Plaintiff's action is untimely and, in any event, that it complied with TILA. The others argue that TILA's notice provision did not apply to them. For the reasons below, the Court will grant the Defendants' motions for summary judgment.

**I.**

In 2008, Plaintiff Thomas Toggas and his wife, Kathryn Toggas, secured a mortgage on a residence in Washington, D.C.[1] Compl. ¶ 13, ECF No. 1. Wachovia Mortgage, FSB— eventually acquired by Defendant Wells Fargo Bank, N.A.—issued the mortgage.[2] *Id.* ¶ 14.

---

[1] Kathryn Toggas was originally a Plaintiff here, but the Court dismissed her claims for failure to prosecute. *See* Order to Show Cause, ECF No. 25; Order, ECF No. 29.

[2] Although Toggas listed Wachovia in his case caption, Wachovia is not a party in this case. *See Toggas v. Wachovia Mortg., FSB*, No. 19-cv-03407 (TNM), 2020 WL 3103966, at *1 n.2 (D.D.C. June 11, 2020).

Wachovia then transferred the mortgage to Defendant US Bank National Association ("US Bank"), with Wells Fargo Home Mortgage as the loan servicer. *Id.* ¶¶ 14–15.

The Toggases defaulted on their mortgage a year later. *See* Defs.' Mot. to Dismiss, Ex. A ¶ 10, ECF No. 3-1. Wells Fargo Bank then moved to foreclose on the property in the Superior Court of the District of Columbia. *See Wells Fargo Bank, N.A. v. Toggas*, Case No. 2016 CA 002847 R(RP) (D.C. Sup. Ct. Apr. 15, 2016).

Separately, Toggas sued US Bank, Wells Fargo Bank, and Wells Fargo & Company (collectively, the "Lenders") here for violating various local and federal laws, including TILA (Counts II and V).[3] *See* Compl. ¶¶ 46–97. As relevant here, Count V of the complaint alleges that the Lenders violated the notice provision of TILA, 15 U.S.C. § 1641(g), because they failed to inform the Toggases "in writing of the transfer of the loan from the original lender." *Id.* ¶ 91. Toggas also seeks declaratory and injunctive relief preventing the foreclosure sale under Count VI. *Id.* ¶ 99.

The Lenders moved to dismiss the complaint, which the Court granted in part and denied in part. *See* Defs.' Mot. to Dismiss Compl., ECF No. 3; *Toggas v. Wachovia Mortg., FSB*, No. 19-cv-03407 (TNM), 2020 WL 3103966 (D.D.C. June 11, 2020). The Court dismissed most counts because Toggas failed to raise them as compulsory counterclaims in the parallel proceeding in the Superior Court and because the claims were barred by *res judicata* or claim preclusion. *Toggas*, 2020 WL 3103966, at *4–5.

But the Court denied the motion as to the TILA claim under Count V. It rejected the Lenders' argument that this claim was untimely, finding the mortgage's transfer date "far from

---

[3] The Court will refer to Wells Fargo Bank and Wells Fargo & Company collectively as "Wells Fargo."

conclusive" based on the complaint. *Id.* at *6. So Count V and any remaining relief sought under Count VI survived. *Id.*[4] In allowing this count to proceed, however, the Court explained that "[i]t may be that this issue will be easily resolved with a properly supported motion for summary judgment." *Id.*

The Lenders' summary judgment motions are now ripe for disposition.[5] *See* US Bank's Mot. for Summ. J. ("US Bank Mot."), ECF Nos. 26, 26-1; Mot. for Summ. J. of Defs. Wells Fargo ("Wells Fargo Mot."), ECF No. 27.

## II.

A movant is entitled to summary judgment if it "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth "specific facts showing that there is a genuine issue for trial." *Anderson*, 477

---

[4] The Court declined to decide whether TILA permits Toggas to pursue declaratory or injunctive relief under Count VI until the parties briefed the issue. *Toggas*, 2020 WL 3103966, at *6 n.8.

[5] The Court has jurisdiction under 28 U.S.C. § 1331, the federal question statute.

U.S. at 250 (cleaned up).  And the Court must "view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007) (cleaned up).

In cases involving a *pro se* plaintiff, "the Court must take particular care to construe the plaintiff's filings liberally, for such [filings] are held to less stringent standards than formal pleadings drafted by lawyers." *Brannum v. Fed. Nat'l Mortg. Ass'n*, 971 F. Supp. 2d 120, 124 (D.D.C. 2013) (cleaned up).  "But this liberal reading requirement does not relieve plaintiff of his obligations on summary judgment." *Id.*  So a "pro se plaintiff's opposition to a motion for summary judgment must consist of more than mere unsupported allegations and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." *Hinds v. Mulvaney*, 296 F. Supp. 3d 220, 232 (D.D.C. 2018), *aff'd*, 2019 WL 5432064 (D.C. Cir. Mar. 28, 2019) (cleaned up).

### III.

Toggas's only remaining claim stems from TILA's notice provision, 15 U.S.C. § 1641(g).  *See* Compl. ¶¶ 88–97.  When a "mortgage loan is sold or otherwise transferred or assigned to a third party," TILA requires the "new owner or assignee of the debt" to "notify the borrower in writing of such transfer" within thirty days.  15 U.S.C. § 1641(g)(1).  The notice must include certain enumerated information, including:

> (A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor.

*Id.*  Claims under Section 1641 are subject to a one-year statute of limitations.  *Id.* § 1640(e).

4

### A.

US Bank seeks summary judgment because Toggas's claim is untimely; alternatively, it argues that it complied with TILA's notice provision. *See* US Bank Mot. at 7–9. The Court agrees on both grounds.

The mortgage loan was assigned, sold, and transferred to US Bank on September 26, 2018. *See* Decl. of Fay Servicing, LLC ("Fay Decl.") ¶ 4, ECF No. 26-2; Decl. of Rushmore Loan Management Services LLC ("Rushmore Decl.") ¶ 5, ECF No. 26-2. US Bank had thirty days—until October 26, 2018—to notify Toggas of the transfer. *See* 15 U.S.C. § 1641(g)(1). Under TILA's statute of limitations then, the deadline to challenge notice expired a year later, on October 26, 2019. *See Johnson v. Long Beach Mortg. Loan Tr. 2001-4*, 451 F. Supp. 2d 16, 39 (D.D.C. 2006) ("The statute of limitations on TILA claims begins to run from the date of the occurrence of the violation." (cleaned up)).

But Toggas filed his complaint on November 12, 2019, two weeks too late. His claim that the Lenders violated TILA's notice provision thus is untimely. *Accord Hamilton v. JPMorgan Chase Bank*, 118 F. Supp. 3d 328, 334 (D.D.C. 2015) (finding claim under 15 U.S.C. § 1641(g) barred by TILA's statute of limitations).[6]

In any event, US Bank provided sufficient notice of the mortgage loan transfer under TILA. It informed Toggas of the transfer within the thirty-day window. *See* Fay Decl. ¶ 5; Rushmore Decl. ¶ 6; US Bank Mot. Ex. B, ECF No. 26-3. The notice also contained the requisite information. It identified the new lender as US Bank and provided a telephone number

---

[6] For his part, Toggas provides no compelling reason why the statute of limitations should not apply here. *See Taylor v. Wells Fargo Bank, N.A.*, 85 F. Supp. 3d 63, 75–76 (D.D.C. 2015) (rejecting argument that TILA statute of limitations was tolled "due to Defendant's failure to effectively provide the required disclosures and notices" (cleaned up)).

and address.  US Bank Mot. Ex. B at 3.  The notice listed September 26, 2018, as the date of the mortgage transfer.  *Id.* at 2.  It noted that Wells Fargo Home Mortgage, the loan servicer, was the authorized agent to contact with questions about the mortgage.  *Id.* at 3.  And it stated where the mortgage transfer was recorded.  *Id.*[7]

On either ground then, US Bank is entitled to summary judgment on Count V.

### B.

Wells Fargo seeks summary judgment for a different reason.  It argues that it did not need to inform Toggas of the mortgage loan transfer under TILA.  Wells Fargo Mot. at 8–9.  Wells Fargo is correct.

By its plain text, only a "new owner or assignee" of a mortgage loan is subject to TILA's notice provision.  *See* 15 U.S.C. § 1641(g)(1) ("[T]he creditor *that is the new owner or assignee* of the debt *shall notify* the borrower in writing of such transfer[.]" (emphasis added)); *Pitts v. Wells Fargo Bank, N.A.*, No. 14-CV-02211 (CRC), 2015 WL 5728879, at *4 (D.D.C. Sept. 29, 2015) ("[Section] 1641 address[es] entities who are *purchasers or assignees* of mortgages[.]" (cleaned up)).

Wells Fargo was neither.  It was the assignor, not assignee, of the mortgage loan.  *See* Wells Fargo Mot. Ex. C, ECF No. 27-2 (Corporate Assignment of Deed of Trust listing Wells Fargo Bank as "Assignor" and US Bank as "Assignee").  Wells Fargo transferred all servicing rights on the mortgage loan in 2018.  *See* Decl. of Miranda Barnes ("Barnes Decl.") ¶ 7, ECF No. 27-2.  And it simultaneously assigned the deed of trust to US Bank.  *See id.* ¶¶ 8–9.  Since

---

[7] TILA's notice provision contains a catch-all requirement—that the new owner or assignee must include "any other relevant information regarding the new creditor."  15 U.S.C. § 1641(g)(1)(E).  Toggas, however, bases his challenge on lack of *any* notice.  *See* Compl. ¶ 93. So the Court need not consider whether other information should have been disclosed under this catch-all requirement.

then, "Wells Fargo Bank has had no connection to or any rights or interests" in the mortgage loan. *Id.* ¶ 10.

As it was not a "new owner or assignee" of the mortgage loan, Wells Fargo was not subject to TILA's notice provision. It is thus entitled to summary judgment on Count V.[8]

\* \* \*

Even construing Toggas's complaint and opposition brief liberally, he has not met his burden of "setting forth specific facts showing that there is a genuine issue for trial."[9] *Hinds*, 296 F. Supp. 3d at 232 (cleaned up). Toggas does not dispute the Lenders' evidence. For example, he does not provide his own declaration stating that he never received the notice that US Bank sent. Toggas instead attacks the Lenders' evidence as insufficient because they did not include the endorsed promissory note reflecting the mortgage transfer. *See* Pl.'s Opp'n to Def. US Bank's Mot. for Summ. J. ("Pl.'s US Bank Opp'n") at 5, ECF No. 30; Pl.'s Opp'n to Defs. Wells Fargo's Mot. for Summ. J. ("Pl.'s Wells Fargo Opp'n") at 5, ECF No. 31. Toggas thus "assumes that no endorsement was made," which he claims "creates a genuine issue regarding the ownership of the loan rights." Pl.'s US Bank Opp'n at 5; Pl.'s Wells Fargo Opp'n at 6.

Toggas offers no explanation why an endorsed promissory note is required evidence here. Rule 56 allows parties to rely on various forms of evidence at the summary judgment stage, including affidavits and declarations. *See* Fed. R. Civ. P. 56(c)(1)(A). But unsupported allegations—even from a *pro se* plaintiff—are not enough. *See Hinds*, 296 F. Supp. 3d at 232.

---

[8] For the same reason, TILA's notice provision does not apply to Wells Fargo Home Mortgage as the loan servicer. *See Pitts*, 2015 WL 5728879, at \*4 ("Courts have held that this disclosure obligation of new owners and assignees does not apply to 'mere servicers' of loans.").

[9] At the summary judgment stage, courts can consider a verified complaint as an affidavit in opposition to the motion. *See Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992).

The Lenders each submitted declarations to show the validity and dates of the mortgage loan transfer.  *See* Barnes Decl. ¶¶ 7–9; Fay Decl. ¶¶ 4–6; Rushmore Decl. ¶¶ 5–7.  Toggas has provided no contrary evidence.[10]

More, Toggas's asserted factual dispute over the "ownership of the loan rights" is not material.  This case challenges *notice* of the transfer, not its validity.  *See* Compl. ¶ 93.  If Toggas is correct that Wells Fargo never perfected the transfer through an endorsed promissory note, then the Lenders still did not violate TILA.  Neither Wells Fargo nor US Bank would be a "new owner or assignee" required to provide notice.  Indeed, there would be no transfer for which to provide notice in the first place.  So disputed ownership of the loan does not "affect the outcome" of Toggas's notice claim under TILA.  *See Anderson*, 477 U.S. at 248.

Toggas has failed to create a genuine dispute of material fact.  *Id.* at 250.  The Court thus grants the Lenders' motions for summary judgment on Count V.[11]

### C.

Finally, Toggas requests leave to amend his complaint "to correct any deficiencies."  *See* Pl.'s US Bank Opp'n at 6; Pl.'s Wells Fargo Opp'n at 6.  The Court will deny this request.

For starters, Toggas has not complied with the local rules, which require such motions to "attach, as an exhibit, a copy of the proposed pleading as amended."  LCvR 15.1.

In any event, the issue is not Toggas's lack of allegations; it is his lack of evidence.  On this record, US Bank showed that it complied with TILA's notice provision, and Wells Fargo

---

[10] In any event, US Bank included the endorsed promissory note as an exhibit to its reply brief. *See* US Bank's Reply in Supp. of Mot. for Summ. J. Ex. 2, 32-2.

[11] Having granted summary judgment on Count V, the Court need not address whether TILA authorizes the declaratory and injunctive relief sought under Count VI for violations of the notice provision.  *See* US Bank Mot. at 9–10.

established that it had no obligation to notify Toggas of the mortgage loan transfer.  Toggas offers nothing to dispute these facts.  Nor has he suggested any facts that could do so.  Under these circumstances, additional allegations would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court also found that Toggas filed his claim outside TILA's statute of limitations period.  An amended complaint cannot overcome this deficiency.  *Accord Gray v. Staley*, 310 F.R.D. 32, 39 (D.D.C. 2015) ("The court cannot conceive of any facts that Plaintiff could plead, consistent with the allegations made in his complaint and the statements made in his pleadings, which would rescue his time-barred claims.").

Thus, the Court denies Toggas's request to amend his complaint again.

## IV.

For these reasons, the Court will grant Defendants' motions for summary judgment.  A separate Order will issue.

Dated: December 10, 2020                                                  TREVOR N. McFADDEN, U.S.D.J.